UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

CASE NO.: 23-cv-394

HOT WHEELS LUX, LLC,
a Florida limited liability company,

      Plaintiff,

vs.

FLOYD DELVON ENRIQUE MORRIS,
an individual,

      Defendant.
_____/

## COMPLAINT

Plaintiff, HOT WHEELS LUX, LLC, sues Defendant, FLOYD DELVON ENRIQUE MORRIS, and alleges the following:

### PARTIES, JURISDICTION & VENUE

1. Plaintiff, HOT WHEELS LUX, LLC ("Hot Wheels"), at all relevant times, is a Florida limited liability company, authorized to do business in Orange County, Florida, whose principal address is in Orange County, Florida.

2. Defendant, FLOYD DELVON ENRIQUE MORRIS ("Mr. Morris"), is an individual living in Jesup, Georgia, and who is otherwise *sui juris*.

3. The amount in controversy exceeds the sum of $75,000, excluding interest, costs and attorney's fees, and is between citizens of different states, and is within the jurisdiction of this Court in accordance with 28 U.S.C. § 1332(a).

4. Pursuant to 28 U.S.C. § 1391, venue is proper in Orange County, Florida as the contract that is the subject of this action was entered into in Orange County, Florida, a substantial part of the acts of the Defendant complained of occurred in Orange County, Florida, and damage to Plaintiff accrued in Orange County, Florida.

5. Personal jurisdiction over Mr. Morris exists pursuant to Florida Statutes, Section 48.193, and Rule 4, Fed. R. Civ. P., because Mr. Morris contracted with Plaintiff in this state and breached the contract here, he caused injury to Plaintiff in this state, the actions causing injury to Plaintiff occurred either in whole or substantially in part in this state, and Mr. Morris otherwise engaged in substantial and not isolated activity in this state such that the exercise of personal jurisdiction over him in this Court does not offend traditional notions of fair play and substantial justice.

## **GENERAL ALLEGATIONS**

6. This action concerns a breach of contract, as well as the negligent activities of Mr. Morris.

7. Hot Wheels is a auto rental company based in Orlando, Florida. It specializes in the rental of high-end, luxury vehicles, as well as exotic performance automobiles. Such vehicles include, among others, a Lamborghini Huracan Evo, a Porsche 911 Carrera, a Chevrolet C8 Corvette and a Ferrari 488 GTB.

8. Some form of insurance from the customer in an appropriate amount is required to rent a vehicle from Hot Wheels.

9. While visiting Orlando in August 2022, Mr. Morris approached Hot Wheels regarding his rental of a 2020 Chevrolet C8 Corvette (the "Vehicle"). At the time the Vehicle had a value exceeding $100,000. A material condition for the rental of a vehicle from Hot Wheels is that the person renting agree that it is responsible for any damage to the vehicle rented and/or any damage caused to others and other vehicles.

10. This was explained to Mr. Morris, and Mr. Morris was aware that he was responsible for any damage arising from his rental. As is the standard operating procedure of Hot Wheels, Mr. Morris was offered the opportunity to purchase insurance coverage from Hot Wheels for the rental of the Vehicle from Hot Wheels, which he declined.

11. Instead, Mr. Morris stated that he would be relying upon and otherwise using his own personal insurance coverage to comply with Hot Wheels' insurance

requirements for the rental of the Vehicle. In this instance, Mr. Morris stated that he had coverage with Allstate Insurance Company ("Allstate") and provided Hot Wheels with a copy of his Allstate insurance card along with a copy of his Georgia drivers' license.

12. As is the standard operating procedure of Hot Wheels, Allstate was telephonically contacted by Hot Wheels, and Allstate confirmed that Mr. Morris did indeed have insurance coverage with Allstate, and that his coverage was sufficient to cover the full value of the Vehicle in the event of an accident.

13. Having confirmed the good standing of Mr. Morris' Allstate insurance, and in reliance on Mr. Morris' insurance coverage and the confirmation from Allstate as to the validity and coverage amount of his insurance, Mr. Morris' drivers' license and his other personal data, Hot Wheels proceeded to enter a August 26, 2022 Rental Agreement with Mr. Morris for his use of the Vehicle. A true and correct copy of the Rental Agreement is attached hereto as Exhibit "A" and incorporated herein by this reference.

14. Given the nature of the vehicles rented by Hot Wheels, devices have been placed in the rental vehicles, including the Vehicle rented by Mr. Morris. These devices relay to Hot Wheels information about the rented vehicles. This includes whether a vehicle is being driven in excess of the speed limit, driven recklessly

and/or whether it may be involved in an accident. The devices also keep track of the location of the vehicles.

15. Shortly after Mr. Morris left Hot Wheels with the Vehicle, Hot Wheels began receiving messages from the device in the Vehicle that Mr. Morris was driving the Vehicle well in excess of the speed limit, including in excess of one hundred miles per hour.

16. Less than twenty-four hours after leaving Hot Wheels with the Vehicle, messages were received that the Vehicle had lost power and/or an incident had occurred, with the Vehicle no longer moving, in an area where the Vehicle should not be immobile.

17. Thereafter, the Vehicle was located severely damaged (totaled) in the early morning of August 27, 2022, near an Interstate 95 exit ramp in Volusia County, in the vicinity of Daytona Beach, Florida. Florida Highway Patrol ("FHP") arrived at the scene, and FHP indicated that the Vehicle had veered off of Exit Ramp MM261C of Interstate 95, and was out of control when it went through a ditch and ultimately crashed. This left the abandoned Vehicle in such a damaged, undriveable condition as to require the Vehicle to towed.

18. Mr. Morris, however, were nowhere to be found at the Vehicle and/or the accident site, having abandoned the area. Mr. Morris did not attempt to contact Hot Wheels regarding the wreck. He just disappeared.

19. Hot Wheels made repeated attempts to contact Mr. Morris by numerous means regarding the Vehicle and the accident and was not able to do so.

20. Hot Wheels has subsequently learned that Mr. Morris is now claiming, falsely, that he never rented the Vehicle from Hot Wheels, and that he did not drive and wreck the Vehicle. These untruthful assertions were relayed by Allstate Insurance through its insurance adjuster and legal counsel when Hot Wheels contacted Allstate regarding Mr. Morris via the insurance information that he provided to Hot Wheels at the time of the rental.

21. As a result of Mr. Morris' actions and omissions outlined above, Hot Wheels has been forced to retain undersigned counsel and is required to pay attorneys' fees and costs in connection with prosecuting this action.

22. The Rental Agreement provides for the recovery of legal fees and costs in the event of litigation such as the instant action.

23. Any and all conditions precedent required prior to initiating this action have occurred, or have been performed, waived or excused.

## **COUNT I - BREACH OF CONTRACT**

24. Hot Wheels adopts and re-asserts its allegations set forth in Paragraphs 1 through 23 above, as though fully set forth herein.

25. This is an action for breach of contract.

26. The Rental Agreement is a legally binding and enforceable contract pursuant to which Hot Wheels has legal rights.

27. Mr. Morris and Hot Wheels entered into the Rental Agreement whereby Hot Wheels agreed to rent Mr. Morris the 2020 Chevrolet C8 Corvette, and Mr. Morris agreed to be responsible for any damage arising from his use of the Vehicle, including, but not limited to, damage to the Vehicle itself. He also agreed to take care of the Vehicle and to exercise due care with his operation of the Vehicle while entrusted with its possession and control.

28. Hot Wheels performed and completed all of its obligations called for by the Rental Agreement.

29. Mr. Morris breached the Rental Agreement by failing to exercise due care with his operation of the Vehicle while entrusted with its possession and control. This includes driving the Vehicle at extreme speeds, driving recklessly and damaging the Vehicle such that it has been or likely will be declared a total loss.

30. He further breached by indicating he had insurance to cover the costs of repairs in the event of damage to the Vehicle and agreed to use such insurance in the event of damage, yet Allstate has indicated that it may deny coverage but has refused to disclose the basis of any possible denial other than vaguely asserting allegations of fraud which Allstate has yet to substantiate. Allstate conducted an examination under oath of Mr. Morris, but refuses to disclose it to Hot Wheels. Allstate is operating in bad faith in an attempt to deny coverage and avoid paying the claim based on the unilateral "word" of Mr. Morris that he did not sign the rental agreement.

31. Mr. Morris also breached by abandoning the Vehicle and denying he had ever rented the Vehicle.

32. Hot Wheels has suffered actual, consequential and special damages which have been directly and proximately caused by Mr. Morris, including but not limited to lost value of the Vehicle, lost use and business opportunity related to rental of the vehicle, and lost investment opportunity relating to the Vehicle and the sums alleged herein, all in amounts to be proven at trial, but well exceeding $150,000.

WHEREFORE, Plaintiff demands entry of judgment against Defendant for the full amount of its actual, consequential and special damages alleged herein, along

with pre- and post-judgment interest, court costs, attorneys' fees, along with all such other and further relief which is just and proper.

## COUNT II - NEGLIGENCE

33.     Hot Wheels adopts and re-asserts its allegations set forth in Paragraphs 1 through 23 above, as though fully set forth herein.

34.     This is an action for negligence.

35.     Mr. Morris owed Hot Wheels a duty to exercise reasonable care while in possession, custody and control of Vehicle, while operating the vehicle, and while otherwise entrusted with the care of the Vehicle by Hot Wheels.  He was required to act reasonably while driving including but not limited to taking reasonable steps to ensure that nothing adverse happened to the Vehicle while in his possession, custody, and control.

36.     Defendant breached his legal duties by: a) failing to exercise reasonable care in connection with the Vehicle; b) failing to drive the Vehicle is a cautious, prudent and safe manner; c) failing to take all reasonable efforts to properly ensure no damage would occur to the Vehicle; d) failing to inform Hot Wheels of the accident Defendant caused and the damage to the Vehicle; and e) failing to acknowledge to Defendant's insurer that he caused substantial damage to the Vehicle while entrusted to his care.

37. Hot Wheels has suffered actual, consequential and special damages which have been directly and proximately caused by Mr. Morris, including but not limited to lost value of the Vehicle, lost use and business opportunity related to rental of the vehicle, and lost investment opportunity relating to the Vehicle and the sums alleged herein, all in amounts to be proven at trial, but well exceeding $150,000.

38. WHEREFORE, Plaintiff demands entry of judgment against Defendant for the full amount of its actual, consequential and special damages alleged herein, plus attorneys' fees, costs, interest and such other and further relief as the Court deems just and proper.

Dated this 3rd day of March, 2023.

        Respectfully submitted,

        HOLIDAY HUNT RUSSELL PLLC
        Attorneys for HOT WHEELS LUX, LLC
        2699 Stirling Road, Suite A-105
        Fort Lauderdale, Florida 33312
        Telephone: 954.920.5153
        Primary email:  pleadinghhr@gmail.com
        Secondary email: servicesecondary@gmail.com

        By:   s/Holiday Hunt Russell
                HOLIDAY HUNT RUSSELL
                FL BAR NO.: 955914